UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMANUEL WILLIAMS         :         CIVIL ACTION

                        :         NO. 19-142-BAJ-RLB

VERSUS

                        :         JUDGE BRIAN A. JACKSON

WILLIAM ROSSO, ET AL.    :         MAGISTRATE JUDGE
                                  RICHARD L. BOURGEOIS, JR.

*******************************************************************************

DEFENDANTS' ANSWER, JURY DEMAND AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT AND AMENDED COMPLAINT [RD 1 and 5]

*******************************************************************************

**NOW INTO COURT**, through undersigned Assistant Attorney General, come

Defendants, William Rosso, and Marcus Jones, Paul Toce, Barrett Boeker, and Randy Lavespere,

who respond to Plaintiff's *Complaint* as follows:

### AFFIRMATIVE DEFENSES

### FIRST DEFENSE – ELEVENTH AMENDMENT IMMUNITY

To the extent Plaintiff has sued the appearing Defendants in their official capacities for

monetary damages, such claims are barred by the Eleventh Amendment.

### SECOND DEFENSE - FAILURE TO STATE A CLAIM

Plaintiff has failed to state a claim upon which relief can be granted because there are

insufficient factual allegations in his *Complaint* indicating that the appearing Defendants violated

Plaintiff's civil rights under the United States Constitution or applicable federal law.

### THIRD DEFENSE – QUALIFIED IMMUNITY

In the alternative, if the appearing Defendants are found by the Court to have violated the

Plaintiff's rights, then Defendants are immune from a judgment for damages because they acted

at all times reasonably, in good faith, without malice and in accordance with federal and state law and institutional rules and regulations.

## FOURTH DEFENSE – DENIAL OF RELIEF

Plaintiff is not entitled to compensatory damages, punitive damages, or any other relief requested in his *Complaint*.

## FIFTH DEFENSE – SUPERVISORY LIABILITY

Plaintiff also fails to state a claim against the Defendants because supervisors cannot be held liable for their subordinates' acts under § 1983.

## SIXTH DEFENSE - ATTORNEY'S FEES

Plaintiff is not entitled to attorney's fees and costs associated with this litigation.

## SEVENTH DEFENSE – DISCRETIONARY IMMUNITY

Defendants are entitled to immunity from liability under La. R.S. 9:2798.1 for policy making or discretionary acts or omissions of public entities or its officers and employees.

## EIGTH DEFENSE – LIMITATION OF LIABILITY

In the event that a judgment is rendered against the appearing Defendants, they plead the statutory limitation of liability, interest, and costs under La. R.S. 13:5106 and La. R.S. 13:5112, as well as any other statutory or jurisprudential limitation of liability applicable herein.

## NINTH DEFENSE – MITIGATING DAMAGES

Defendants specifically plead that Plaintiff failed to mitigate his own damages, and that Plaintiff contributed to his own injuries.

## TENTH Defense – Any Defense in Federal Rule 8 (c)

The defendants assert their right to any affirmative defense delineated in Rule 8(c) of the Federal Rules of Civil Procedure not specifically enumerated above.

2.

*Defendants expressly reserve the right to assert other affirmative defenses as discovery proceeds.*

## ANSWER

**AND NOW,** in response to the specific remaining claims of Plaintiff's *Complaint*, Defendants respond as follows:

### I.

The allegations contained in paragraph I of Plaintiff's *Complaint* state a history of previous lawsuits and thus require no answer. If such an answer is required, however, Defendants deny any liability.

### II.

The allegations contained in this paragraph II of Plaintiff's *Complaint,* are hereby admitted insofar as the Plaintiff is confined at Louisiana State Prison, Angola, Louisiana. Otherwise, Defendants lack sufficient information or knowledge upon which to admit or deny the allegations contained in this Paragraph of Plaintiff's Complaint. If such an answer is required, however, Defendants deny liability.

### III.

The allegations contained in Paragraph III of Plaintiff's *Complaint* state the names of parties and thus require no answer. If such an answer is required, however, Defendants deny any liability.

### IV, P. 5-9.

The allegations contained in Paragraph IV, pages 5-9, of Plaintiff's *Complaint,* are

hereby admitted insofar as the incident occurred on May 8, 2019. Otherwise, Defendants lack sufficient information or knowledge upon which to admit or deny the allegations contained in this Paragraph of Plaintiff's *Complaint*. If such an answer is required, however, Defendants deny liability.

IV, P. 10-11.

The allegations contained in this paragraph of Plaintiff's *Complaint* are denied insofar as allegations pertaining to medical treatment. Otherwise, Defendants lack sufficient information or knowledge upon which to admit or deny the allegations contained in this paragraph of Plaintiff's *Complaint*. If such an answer is required, however, Defendants deny any liability.

V.

The allegations contained in Paragraph V of Plaintiff's *Complaint* pertain to relief sought by Plaintiff and does not require an answer from the Defendants. To the extent that an answer is required, Defendants asserts that Plaintiff is not entitled to any damages/relief from him. Any allegations or inferences of wrongdoing and/or liability are furthermore denied.

**<u>IN FURTHER ANSWERING</u>:**

VI.

Defendants demand a trial by jury.

VII.

Defendants deny that Plaintiff is entitled to any of the relief requested. Furthermore, out of an abundance of caution, Defendants reserves their right, upon completion of discovery or otherwise, to assert such other defenses as may be appropriate, whether in law or in equity, including, but not limited to, assumption of risk, contributory negligence, extinguishment of the obligation in any matter, transaction or compromise, res judicata, and/or any other matter

4.

constituting an avoidance or affirmative defense.

VIII.

Defendants are entitled to recover reasonable expenses, including reasonable attorney fees incurred for having to defend against this suit because it has no basis in law or in fact and such would have been apparent to Plaintiff upon reasonable inquiry.


**WHEREFORE**, Defendants, William Rosso, Marcus Jones, Paul Toce, Barrett Boeker, and Randy Lavespere, pray that this Answer and Defenses be deemed good and sufficient and that after due proceedings are had, there be judgment herein in their favor, and against the Plaintiff, dismissing the *Complaint* at Plaintiff's costs, for Defendants' attorney's fees and for all general and equitable relief.

Respectfully submitted,

**JEFF LANDRY
ATTORNEY GENERAL**

 */s/ Suzanne Quinlan Mooney*
Suzanne Quinlan Mooney (23904)
Assistant Attorney General
**Louisiana Department of Justice**
Litigation Division, Civil Rights Section
1885 N. 3rd Street
P. O. Box 94005
Baton Rouge, LA  70804-9005
Telephone: (225) 326-6300
Fax: (225) 326-6495
MooneyS@ag.louisiana.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 5th day of September, 2019, the foregoing was filed electronically with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent to all parties who participate in electronic filing by operation of the court's electronic filing system.

**I FURTHER CERTIFY** that a copy of the foregoing was served on the *pro se* plaintiff by depositing same in the United States mail, properly addressed and first class postage prepaid, on the 5th day of September, 2019.

**PRO-SE**
Emanuel Williams (# 107974)
Louisiana State Penitentiary
Angola, LA 70712
USA

_/s/ Suzanne Quinlan Mooney_
Suzanne Quinlan Mooney (#23904)
Assistant Attorney General

6.