## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**EMANUEL WILLIAMS (#107974)**          **CIVIL ACTION**

**VERSUS**

**NO. 19-142-BAJ-RLB**

**WILLIAM ROSSO, ET AL.**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on November 26, 2019.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

EMANUEL WILLIAMS (#107974)            CIVIL ACTION

VERSUS

NO. 19-142-BAJ-RLB

WILLIAM ROSSO, ET AL.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This matter comes before the Court on a Motion to Dismiss filed on behalf of defendants William Rosso, Marcus Jones, Barrett Boeker, Dr. Randy Lavespere and Dr. Paul Toce (R. Doc. 17). The motion is opposed. *See* R. Doc. 18.

The *pro se* plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this proceeding pursuant to 42 U.S.C. § 1983 against the aforementioned defendants complaining that his constitutional rights were violated due to the use of excessive force, failure to intervene in the use of excessive force, and deliberate indifference to his serious medical needs.

The moving defendants first seek dismissal on jurisdictional grounds, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, of the plaintiff's claim against them in their official capacities. In this regard, the defendants are correct that § 1983 does not provide a federal forum for a litigant who seeks monetary damages against either a state or its officials acting in their official capacities, specifically because these officials are not seen to be "persons" within the meaning of § 1983. *Will v. Michigan Department of State Police*, 491 U.S. 58, 71 (1989). In addition, in *Hafer v. Melo,* 502 U.S. 21 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made

clear that a suit against a state official in an official capacity for monetary damages is treated as a suit against the state and is therefore barred by the Eleventh Amendment. *Id*. at 25.

Accordingly, the plaintiff's claims asserted against the defendants in their official capacities, for monetary damages, are subject to dismissal. In contrast, the plaintiff's claims for monetary damages asserted against the defendants in their individual capacities remain viable because a claim against a state official in an individual capacity, seeking to impose personal liability for actions taken under color of state law, is not treated as a suit against the state. *Id*. at 29. Of course, the plaintiff must prove a deprivation of a constitutional right to obtain any relief.

Turning to the plaintiff's claims that are not subject to dismissal on the basis of Eleventh Amendment immunity, the defendants next assert, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, that the plaintiff has failed to state a claim upon which relief may be granted. In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to survive a motion to dismiss pursuant to Rule 12(b)(6). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, *supra*, at 555. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678, *quoting Bell Atlantic Corp. v. Twombly*, *supra*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id*. at 679. "Where a Complaint pleads facts that are 'merely consistent with' a

defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.' " *Id*. at 678 (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Further, "[a] document filed *pro se* is 'to be liberally construed' ... and 'a *pro se* Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' " *Id*. (citation omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or "naked assertions [of unlawful conduct] devoid of further factual enhancement." *Ashcroft v. Iqbal*, *supra*, 556 U.S. at 678 (internal quotation marks omitted).

In his Complaint as amended, the plaintiff alleges that on May 8, 2018 he was ordered, by defendant Rosso, to go work in the field in violation of his duty status. The plaintiff informed defendant Rosso that his duty status prohibited him from working in the field and that he hadn't been assigned to field work in over 20 years. The plaintiff also showed defendant Rosso his duty status.

Defendant Rosso became angry and started cursing. The plaintiff was standing among other inmates in the field line and when he turned around, he was struck in the back of his head. The plaintiff then turned back around and attempted to protect himself. At this point, the plaintiff realized defendant Rosso was beating on him with a closed fist.

Defendant Jones and other officers joined in the beating and took plaintiff to the ground. Defendant Jones restrained the plaintiff and while the plaintiff was in restraints, defendant Rosso proceeded to bite the plaintiff and then grabbed and twisted the plaintiff's leg until it broke with a loud pop. At the same time, defendant Jones sprayed the plaintiff with a chemical agent.

Defendant Rosso wrote a report wherein he admitted to beating the plaintiff, biting him, and breaking his leg. At all times defendant Boeker was present and failed to intervene in the altercation.

The plaintiff was taken to the prison hospital and an x-ray revealed that his leg was broken in three places. The plaintiff was initially prescribed Norco every four hours for pain as needed by defendant Dr. Lavespere, which was later changed to Ultram, then Toradol, and then, on June 21, 2018, to Tylenol 3. The plaintiff's prescription for pain medication expired, and the plaintiff complained of pain and requested pain medication. On June 26, 2018, the plaintiff was denied pain medication by defendant Dr. Lavespere and defendant Dr. Toce. Defendant Dr. Lavespere and Dr. Toce were aware of the plaintiff's injuries and resulting pain but refused to provide him pain medication until July 6, 2018.

In response to the plaintiff's allegations, the moving defendants have asserted that they are entitled to qualified immunity in connection with the plaintiff's claims. The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. *Huff v. Crites*, 473 F. App'x. 398 (5th Cir. 2012). As enunciated in *Saucier v. Katz*, 533 U.S. 194 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendant's conduct violated the plaintiff's constitutional rights. *Id.* at 201. Second, the district court looks to whether the rights allegedly violated were clearly established. *Id.* This inquiry, the Court stated, is undertaken in light of the specific context of the case, not as a broad, general proposition. *Id.* The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. *Id.*

Undertaking the qualified immunity analysis, the Court finds that the defendants' motion should be denied. Specifically, the Court concludes that the plaintiff has stated a claim for failure to intervene against defendant Boeker, and for deliberate indifference to his serious medical needs against defendants Dr. Lavespere and Dr. Toce.

Turning first to the plaintiff's claim against defendant Boeker for failure to intervene in the alleged use of excessive force by defendants Rosso and Jones, a defendant security officer may be found responsible for failure to intervene and take reasonable measures to protect an inmate from another officer's excessive use of force under a theory of bystander liability. An officer may be liable under § 1983 under a theory of bystander liability where the officer (1) knows that a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act. *See Whitley v. Hanna*, 726 F.3d 631, 646 (5th Cir. 2013) *citing Hale v. Townley*, 45 F.3d 914, 916 (5th Cir. 1995).

In the instant matter, accepting the plaintiff's allegations as true, it appears that defendant Rosso first exhibited deliberate indifference to the plaintiff's health and safety when he refused to honor the plaintiff's duty status and became angry after the plaintiff informed him of his duty status. Then when the plaintiff was standing in the field line, where his duty status prohibited him from working, defendant Rosso used excessive force by hitting the plaintiff in the back of the head. Defendant Rosso continued to beat the plaintiff until he was restrained and then further escalated his use of force by biting the plaintiff and breaking his leg while the plaintiff was in restraints. Defendant Jones also used excessive force by spraying the plaintiff with a chemical agent while he was restrained and laying on the ground. As such, it would have been clear to any officer that the plaintiff's constitutional rights were being violated from the first blow to the back of the plaintiff's head.

Further, based on the plaintiff's allegations, it appears that defendant Boeker had multiple opportunities to intervene and failed to do so.  Defendant Boeker could have intervened when defendant Rosso refused to honor the plaintiff's duty status, after defendant Rosso struck the plaintiff in the back of the head, and once the plaintiff was restrained and laying on the ground.  Despite being present for each of these events, defendant Boeker failed to intervene.  Accordingly, accepting the plaintiff's allegations as true, the plaintiff has stated a claim against defendant Boeker under a theory of bystander liability.

As to defendants Dr. Lavespere and Dr. Toce, a prison official violates the Eighth Amendment's prohibition of cruel and unusual punishment if the official shows deliberate indifference to a prisoner's serious medical needs.  *Estelle v. Gamble*, 429 U.S. 97, 103–06 (1976).  The official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety" and "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists".  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The official also must draw that inference.  *Id*.

Failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference.  *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).  A prisoner who disagrees with the course of treatment or alleges that he should have received further treatment also does not raise a claim of deliberate indifference.  *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001).  Instead, an inmate must show that prison officials denied him treatment, purposefully provided him improper treatment, or ignored his medical complaints.  *Id*.  A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay.  *Easter v. Powell*, 467 F.3d 459, 464–65 (5th Cir. 2006).

In the instant matter, the plaintiff alleges that his leg was broken in three places and required surgical repair. Due to severe pain, the plaintiff was prescribed various pain medications from the May 8, 2018 until June 26, 2018. On June 26, 2018 the plaintiff was in pain and requested pain medication. His requests were flatly refused by defendants Dr. Lavespere and Dr. Toce who had full knowledge of the plaintiff's injuries and the expiration of his prescriptions for pain medication. Then, on July 6, 2018, the plaintiff began to receive pain medication again after defendants Dr. Lavespere and Dr. Toce had refused to treat the plaintiff for ten days.

The plaintiff's allegation that defendants Dr. Lavespere and Dr. Toce flatly refused to provide him with medically necessary pain medication states a claim for deliberate indifference to his serious medical needs. *See, e.g., Alderson v. Concordia Parish Correctional Facility*, 848 F.3d 415, 422-23 (5th Cir. 2017) (noting that "our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference" and holding that allegations that prison official was deliberately indifferent in failing to make an effort to help an inmate in great pain to obtain pain medication were actionable); *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (finding that a deliberate indifference claim had been stated against nurse based on her delay in providing pain medication to a prisoner in great pain); *Williams v. Certain Individual Employees of the Texas Department of Criminal Justice-Institutional Division*, 480 F. App'x 251, 257 (5th Cir. 2010) ("[S]evere pain caused by the refusal to immediately treat pain can support a claim of deliberate indifference grounded in delayed treatment."). As such, the plaintiff has stated a claim for deliberate indifference to his serious medical needs.

**RECOMMENDATION**

It is recommended that the defendants' Motion to Dismiss (R. Doc. 17) be granted in part, dismissing the plaintiff's claims for monetary damages asserted against the defendants in their official capacities. It is further recommended that in all other regards the Motion be denied, and that this matter be referred back to the Magistrate Judge for further proceedings herein.

Signed in Baton Rouge, Louisiana, on November 26, 2019.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**